**LAW OFFICES OF ALBERT J. RESCINIO, L.L.C.**
1500 ALLAIRE AVENUE, SUITE 101
OCEAN, NJ   07712

ALBERT J. RESCINIO                                                                                            732-531-2005
<u>MEMBER OF N.J. BAR</u>                                                                                     FAX 732-531-8009
E-MAIL arescinio@rescinio.com

June 5, 2020

<u>*All Via Electronic Filing:*</u>

**Honorable Michael A. Shipp, U.S.D.J.**
**U.S. District Court of New Jersey**
**Clarkson S. Fisher Fed. Bldg. & U.S. Courthouse**
**402 E. State Street**
**Trenton, NJ 08608**

**Deborah A. Hay, Deputy Attorney General**
**Office of the New Jersey Attorney General**
**Department of Law and Public Safety - Division of Law**
**R. J. Hughes Justice Complex**
**25 Market Street**
**Trenton, New Jersey 08625**

**Thomas J. Cafferty, Esq.**
**GIBBONS P.C.**
**One Gateway Center**
**Newark, New Jersey 07102**

        Re:    *New Jersey Second Amendment Society v. Murphy, et al*
                Docket No.: 3:20-CV-05228-MAS-ZNQ
                MY FILE NO.:  4242

**Dear Judge Shipp, Ms. Hay and Mr. Cafferty:**

      I write to address Mr.Cafferty's letter of June 4, 2020 wherein he files opposition to the OSC because he (mis)read the application and was under the impression that "... *the request for injunctive relief included a request that NJPA be required to issue NJPA Credentials to Plaintiff*."  (*See* ECF Document No. 28 at page 1 of 1).  While Plaintiff's Complaint indeed seeks FINAL injunctive relief as just stated, the PRELIMINARY relief sought in the OSC was very limited and had nothing to do with the NJPA.  I repeat here verbatim the limited preliminary relief that was being sought in the OSC:

    **A.)**    An Order preliminary restraining and enjoining Defendants from barring or otherwise in any way preventing Defendants New Jersey Second Amendment Society, Alexander Roubian, or anyone on behalf of the New Jersey Second Amendment Society from attending in person and asking questions and filming and / or audio recording the daily public press briefings held by Defendant Governor Philip Murphy on the issue of the COVID-19 Virus and the State's response, and preliminary restraining and enjoining Defendants from barring or otherwise in any way preventing Defendants New Jersey Second Amendment Society, Alexander Roubian, or anyone on behalf of the New Jersey Second Amendment Society from attending in person and asking questions and filming and / or audio recording any other public press briefings held by Defendant Governor Philip Murphy, and preliminary restraining and enjoining Defendants from barring or otherwise in any way preventing Defendants New Jersey Second Amendment Society, Alexander Roubian, or anyone on behalf of the New Jersey Second Amendment Society from having access to the web site portal for the Governor's Internet Daily Public Appearance and Press Schedule; and

    I believe that it is quite clear that no **preliminary relief** was ever being sought in the OSC against NJPA by the Plaintiff, which is frankly why Ms. Hay and I did not include Mr. Cafferty in our discussions regarding the terms and conditions of the Consent Order we ultimately arrived at.  The terms of the settlement on that issue were solely between Ms. Hay and I and Mr. Cafferty had no input as he had no requested relief against his client.   As such, to the extent necessary, as I have now "clarified" the matter beyond question, this letter shall serve to confirm that I will not be responding to Mr. Cafferty's "opposition" and that the Consent Order being submitted moots the entirety of the preliminary relief sought in the OSC.  As to filing a responsive pleading, though Mr. Cafferty has never asked, I would of course consent to Mr. Cafferty and the NJPA having the same time frame to file their responsive pleading as the Consent Order affords to the Attorney General's Office.  Frankly there appears a high probability that in the interim the case will be amicably and globally resolved.  However, to the extent that Mr. Cafferty believes that he needs a specific and separate Consent Order to that effect, if he sends same to me I will review it if I deem it appropriate sign it for him to submit to the Court.

    Thank you very much.

                                                     **Respectfully submitted,**

                                                   *S/Albert Rescinio*

                                                   **ALBERT J. RESCINIO, ESQ.**

**AJR:ms**

**cc:**    **Alexander Roubian**