**LAW OFFICES OF ALBERT J. RESCINIO, L.L.C.**
1500 ALLAIRE AVENUE, SUITE 101
OCEAN, NJ  07712

ALBERT J. RESCINIO                                                                                        732-531-2005
<u>MEMBER OF N.J. BAR</u>                                                                          FAX 732-531-8009
                                                                                                  E-MAIL arescinio@rescinio.com


August 7, 2020

<u>*All Via Electronic Filing:*</u>

**Honorable Michael A. Shipp, U.S.D.J.**
**U.S. District Court of New Jersey**
**Clarkson S. Fisher Fed. Bldg. & U.S. Courthouse**
**402 E. State Street**
**Trenton, NJ 08608**

        Re:    *New Jersey Second Amendment Society v. Murphy, et al*
                  Docket No.: 3:20-CV-05228-MAS-ZNQ
                  MY FILE NO.:  4242

Dear Judge Shipp:

      In regards to the above-referenced matter and as related to the various pending motions according to the Clerk's Notification of July 30, 2020, all motions have been (re)scheduled to be heard simultaneously by the Court on September 9, 2020 before Your Honor on the papers without oral argument. Because of Mr. Cafferty's letters I wanted to confirm for all parties that this means that all motions will be considered simultaneously. This is my preference.

      So there is no question regarding my position in this matter, in light of Mr. Cafferty's July 28, 2020 correspondence when he asked that my clients Cross-Motion for Partial Summary Judgment, which was my client's response and opposition to his client's Rule 12 Motion to Dismiss, "be stayed pending the outcome of NJPAs motion to dismiss so that the time and resources of the court and the parties not be expended unnecessarily in the event the motion to dismiss is granted" I do not agree with his logic and would of course object to such a bifurcation of the issues that are clearly related such that the one is the literal opposition to the other.

      I am not sure how the motions could be separated and heard independently of each other in a vacuum so to speak. If I had preferred that outcome or thought it was more preferable procedurally I would have filed my motion independently and not filed it as a cross-motion. It would be my opinion the bifurcation procedure would result in a waste of resources. That being said please let this letter to serve the confirm that all motions will be simultaneously heard before the court on September 9, 2020 for consideration and ultimately for disposition.

If my understanding is incorrect please advise.

Thanking you in advance.

                                        **Respectfully submitted,**

                                        *S/Albert Rescinio*

                                        **ALBERT J. RESCINIO, ESQ.**

**AJR:ms**

**cc:**    **Alexander Roubian via e-mail**
        **Deborah Hay, Esq. via e-mail**
        **Thomas Cafferty, Esq. via e-mail**