

Thomas J. Cafferty
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4863 Fax: (973) 639-6267
tcafferty@gibbonslaw.com

June 9, 2021

<u>**Electronic Filing**</u>
Honorable Michael A. Shipp, U.S.D.J.
U.S. District Court of New Jersey
Clarkson S. Fisher Fed. Bldg. & U.S. Courthouse – Room 7000
402 E. State Street
Trenton, NJ  08608

Re:   New Jersey Second Amendment Society v. Murphy, et al.
        Docket No.: 3:20-CV-05228-MAS-ZNQ
        Our File No.: 110040.103304

Dear Judge Shipp:

As Your Honor recalls, this law firm represents Defendants New Jersey Press Association ("NJPA") and Peggy Arbitell in the above-captioned matter.  Please accept this correspondence in response to the June 7, 2021 letter filed by Albert Rescinio, Esq., counsel for Plaintiffs, requesting Defendants' consent to adjourning until July 6, 2021 the return date on Defendants' Motion to Dismiss.[1]

Defendants do not consent to such an adjournment. Defendants are frankly stunned by the request and baffled at how Mr. Rescinio could urge that Plaintiffs are entitled to an adjournment of a motion that was filed almost three months ago (returnable almost two months ago) on the basis that "for reasons that are not clear [he] did not see this motion until this morning when [he] was going through the status of all files."

In fact, Mr. Rescinio was fully aware that, pursuant to Court Rule, Defendants' responsive pleading to the February 16, 2021 Amended Complaint was due on March 2, 2021. And, if Mr. Rescinio had not calendared that date for some reason, he would in any event have received notice from the Court that Defendants had requested a Clerk's extension on March 1, 2021 (ECF 54). He would have subsequently received the Text Order from the Court on March 2, 2021 that the Clerk's extension had been granted and that Defendants' responsive pleading was now due on March 16, 2021.  Thereafter, on March 16, 2021, Mr. Rescinio would have received the notice from the Court that Defendants had filed the Motion to Dismiss.  He then would have received the March 16, 2021 notice from the Court advising that the motion was returnable on April 19, 2021 and that, unless

---

[1] Although Mr. Rescinio represents in his letter that Peggy Arbitell was a defendant in the originally filed Complaint, that is not the case, she was named for the first time in the First Amended Complaint. Additionally, Mr. Rescinio erroneously identifies one of the settling defendants as Governor Michael Murphy rather than Governor Philip Murphy.

GIBBONS P.C.

Honorable Michael A. Shipp
June 9, 2021
Page 2

otherwise directed by the Court, there was no appearance required and the motion would be decided on the papers.

Significantly, according to the Court notices, Mr. Rescinio was receiving the electronic notices at ***three*** different email addresses: arescinio@rescinio.com; arescinio@comcast.net and dkirman@rescinio.com (*see*, e.g., Clerk's Text Order of March 2, 2021). He does not contend that he did not receive these notices from the Court. He offers no explanation for not filing for a Clerk's extension or submitting a motion for extension of time to respond to the motion to dismiss that Plaintiffs, as the ones prosecuting this action, knew was required to be filed by a date certain.

The bottom line is that, as of March 2, 2021 – the date on which Mr. Rescinio understood that Defendants' responsive pleading was originally due – ***97 days passed*** before Mr. Rescinio claimed he suddenly became aware that Defendants had "apparently" filed a motion to dismiss.

In his letter, Mr. Rescinio offers certain vague references to COVID-19 and its "effects on [him]self and [his] staff" (a pandemic that, of course, has impacted us all) and to his secretary being "out for a surgical procedure" and that she thereafter broke her arm and is out of the office again. He offers no dates for any of the nebulous events described and makes no attempt to connect them to the issue at hand, namely his failure, once again, to follow Court Rules and Orders, including his failure to file any opposition to Defendants' motion to dismiss, filed almost three months ago.

Were this an isolated incident, and had Plaintiffs offered a legitimate reason for their failure to in any way address Defendants' motion, which Plaintiffs knew was due more than three months ago, then Defendants' response herein might be different. However, this is a pattern for Plaintiffs who have in this case routinely flouted Court Rules and Orders. *See*, e.g., ECF 35.

In fact, as Your Honor may recall, this is not even the first time in this case that Plaintiffs have attempted to respond out of time to a Motion to Dismiss. Plaintiffs' opposition to the Motion to Dismiss the initial Complaint was due on Monday, July 20, 2020. With regard to that motion as well, Plaintiffs failed to file for a Clerk's extension or thereafter to file a motion for extension of time to respond to the motion, as required by Court Rule. Instead, Plaintiffs simply filed an opposition on July 24, 2020, one business day after NJPA's reply brief would have been due. The out-of-time submission was styled as an "opposition" and "cross-motion for partial summary judgment." ECF 33-2.[2]

---

[2] By Text Order on August 11, 2020, Your Honor denied without prejudice Plaintiffs' Motion for Partial summary Judgment but determined to consider Plaintiffs' relevant arguments within the Motion for Partial Summary Judgment as opposition to NJPA's Motion to Dismiss.

GIBBONS P.C.

Honorable Michael A. Shipp
June 9, 2021
Page 3

Each time Plaintiffs have disregarded or otherwise failed to follow Court Rules and Orders, Defendants have been required to spend time and money in an attempt to correct and respond to these failures.  *See*, e.g. ECF 35; ECF 53; ECF 56.

Defendants submit that Plaintiffs should never have filed the original Complaint or the First Amended Complaint, as set forth in the respective Motions to Dismiss. To permit Plaintiffs, who repeatedly disregard the Rules and Orders of this Court, to prolong this litigation based on reasons that "are not clear" even to Plaintiffs' counsel, would be fundamentally unfair and prejudicial to Defendants who have consistently followed all rules and procedures of this Court and are entitled to disposition in accordance with those rules and procedures, without having to incur additional time and expense addressing Plaintiffs' repeated violations of this Court's Rules and Orders.

For these reasons, Defendants do not consent to an adjournment of the Motion to Dismiss the First Amended Complaint.

Respectfully submitted,

*s/Thomas J. Cafferty*
THOMAS J. CAFFERTY

TJC/mlk

cc: Albert Rescinio, Esq. via Electronic Filing

2900924.1 110040-103304